STEPTOE & JOHNSON LLP
201 E. Washington St., Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

Timothy M. Strong (021345)
Dennis K. Blackhurst (021678)
Attorneys for Plaintiff Ares Funding, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ares Funding, LLC**, a Utah limited liability company,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**MA Maricopa, L.L.C.**, an Arizona limited liability company, **Steve Northroup**, an individual, **Jane Doe Northroup**, his spouse, **Michael McInerney**, an individual, **Jane Doe McInerney**, his spouse, **First American Title Insurance Company**, a California corporation, and **First American Title Insurance Agency, Inc.**, an Arizona corporation,<br><br>　　　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Ares Funding, LLC ("Ares"), for its Complaint against Defendants MA Maricopa, L.L.C. ("MA Maricopa"), Steve and Jane Doe Northroup, Michael and Jane Doe McInerney, First American Title Insurance Company and First American Title Insurance Agency, Inc. (collectively, "First American"), alleges as follows:

1. Ares brings this action for breach of contract, unjust enrichment, civil conspiracy, fraud, and other relief.

**Parties, Jurisdiction and Venue**

2. Plaintiff Ares is Utah limited liability company with its principle place of

business in Utah. Ares provides private commercial lending services.

3. Defendant MA Maricopa is an Arizona limited liability company with its principle place of business in Arizona.

4. Defendant Steve Northroup ("Northroup") is a managing member of MA Maricopa and, upon information and belief, is a resident of Maricopa County, Arizona.

5. Jane Doe Northroup is, upon information and belief, the spouse of Mr. Northroup.

6. Defendant Michael McInerney ("McInerney") is a managing member of MA Maricopa and, upon information and belief, is a resident of Arizona.

7. Jane Doe McInerney is, upon information and belief, the spouse of Mr. McInerney.

8. Defendant First American Title Insurance Company is, upon information and belief, a California corporation, with its principle place of business in California.

9. Defendant First American Title Insurance Agency, Inc., is, upon information and belief, an Arizona corporation, with its principle place of business in Arizona. First American Title Insurance Company and First American Title Insurance Agency, Inc., are collectively referred to herein as "First American."

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332. Ares and the defendants are residents of different states, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**General Allegations**

12. In mid-February 2006, MA Maricopa, through brokers, approached Ares in need of a several-million-dollar "hard money" loan on a short term basis in connection with the purchase of certain real property located in Maricopa County, Arizona.

2

13. Ares and MA Maricopa negotiated a Terms Sheet, which MA Maricopa signed on February 26, 2006, a copy of which is attached hereto as Exhibit "1."

14. In reliance thereon, Ares undertook to do the due diligence and other work necessary to structure the loan package for MA Maricopa.

15. The Terms Sheet explicitly provided that Ares could make the commercial loan directly "or through one of its . . . assigns."

16. Ultimately, after structuring the loan package, Ares arranged for the loan to be made through California Mortgage and Realty, Inc. ("CMR").

17. As the terms for the lending transaction were being finalized, Ares and MA Maricopa specifically negotiated and agreed that MA Maricopa would pay Ares a funding fee of $750,000 to be disbursed from the loan proceeds.

18. MA Maricopa's agreement to pay the $750,000 funding fee was memorialized in writing in an Irrevocable Letter of Instruction, a fully-signed copy of which is attached as Exhibit "2."

19. Northroup and McInerney signed the Irrevocable Letter of Instruction on behalf of MA Maricopa on March 1, 2006, and March 10, 2006, respectively.

20. First American also signed its acknowledgement of the Irrevocable Letter of Instruction on or about March 10, 2006.

21. Also on March 10, 2006, First American circulated a HUD Settlement Statement confirming that Ares was entitled to, and would be paid from the loan proceeds, the amount of $750,000. A copy of that Settlement Statement is attached as Exhibit "3."

22. In numerous telephone conversations with employees of First American, First American confirmed and represented to Ares that it would be paid $750,000 at closing from the proceeds of the loan.

23. After MA Maricopa signed the Irrevocable Letter of Instruction, the loan closing occurred on or about March 10, 2006.

3

24. On or about March 15, 2006, after the loan had been funded, but before monies were released from escrow, MA Maricopa submitted a changed letter of instruction to First American. According to First American, that changed letter instructed First American to release only $53,000 to Ares.

25. Prior to the funding of the loan, MA Maricopa told neither Ares nor CMR that it had unilaterally "changed" the Irrevocable Letter of Instruction.

26. First American knew, based on the closing documentation, telephone conversations with Ares and CMR, and other communications from Ares, CMR, and the defendants, that the parties had agreed that Ares would be paid $750,000 as a funding fee.

27. Nevertheless, without Ares' or CMR's authorization, First American released only $53,000 to Ares.

28. Upon information and belief, First American released the remaining $697,000 that was owed to Ares directly to MA Maricopoa.

29. Upon information and belief, First American colluded with MA Maricopa to rob Ares of the bulk of the fee to which it knew Ares was entitled.

## COUNT ONE: BREACH OF CONTRACT

### (MA Maricopa)

30. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 29 above as though fully set forth herein.

31. Ares and MA Maricopa entered into a binding contract pursuant to which MA Maricopa was obligated to pay Ares a funding fee of $750,000 out of the proceeds of the loan.

32. After the loan was funded, MA Maricopa breached that contract by paying only $53,000 instead of the agreed-upon amount of $750,000.

33. Furthermore, MA Maricopa's breach of the contract directly and proximately caused other foreseeable actual and consequential damages to Ares.

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in its favor and against defendant MA Maricopa, L.L.C. as follows:

    a.    Awarding Ares damages in an amount to be determined at trial;

    b.    Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

    c.    Providing such further relief as it deems fair and proper.

## COUNT TWO: BREACH OF CONTRACT

### (First American)

34. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 33 above as though fully set forth herein.

35. On information and belief, CMR and MA Maricopa entered into a contractual agreement with First American, pursuant to which First American was to disburse amounts to various parties in connection with the loan to MA Maricopa.

36. In connection with that agreement, First American was informed and understood that MA Maricopa had agreed to pay $750,000 to Ares out of the proceeds of the loan at the time of the closing on or about March 10, 2006.

37. In connection with the loan to MA Maricopa, First American and MA Maricopa executed an Irrevocable Letter of Instruction on March 10, 2006, confirming MA Maricopa's agreement to pay Ares $750,000.

38. The Irrevocable Letter of Instruction constituted a binding agreement among MA Maricopa, First American, and Ares whereby First American was bound to disburse $750,000 to Ares out of the loan proceeds.

39. In the alternative, Ares was a third party beneficiary to the contractual relationship among MA Maricopa, CMR and First American, such that First American owed a duty to disburse $750,000 to Ares out of the loan proceeds.

40. First American breached its duty to Ares by failing to disburse the $750,000 to Ares at the closing of the loan.

41. First American's breach of its duties directly and proximately caused harm to Ares.

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in its favor and against defendant First American Title Insurance Company and First American Title Insurance Agency, Inc., as follows:

    a. Awarding Ares damages in an amount to be determined at trial;

    b. Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

    c. Providing such further relief as it deems fair and proper.

## COUNT THREE: UNJUST ENRICHMENT
### (MA Maricopa, Northoup, McInerney)

42. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 41 above as though fully set forth herein.

43. MA Maricopa, Northroup, and McInerney promised that MA Maricopa would pay Ares a funding fee of $750,000 out of the proceeds of the loan.

44. Had MA Maricopa, Northroup, or McInerney indicated before the closing of the loan that they intended to renege and not pay the $750,000 funding fee to Ares, they knew that it would jeopardize their receipt of the loan proceeds.

45. On information and belief, MA Maricopa, Northroup, and McInerney have retained or used, for their own use and benefit, the $697,000 ($750,000 less $53,000 per the "changed" instruction) that was to be disbursed to Ares out of the proceeds of the loan.

46. MA Maricopa, Northroup, and McInerney have been unjustly enriched by retaining or using that money.

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in

6

its favor and against defendant MA Maricopa, L.L.C., Steven and Victoria Northroup, and Michael and Jane Doe McInerney, as follows:

    a.    Awarding Ares damages in an amount to be determined at trial;

    b.    Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

    c.    Providing such further relief as it deems fair and proper.

### COUNT FOUR: CIVIL CONSPIRACY

**(MA Maricopa, Northroup, McInerney, and First American)**

47. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 46 above as though fully set forth herein.

48. First American was informed and understood that Ares was entitled to receive $750,000 out of the proceeds of the loan. In fact, First American acknowledged Ares' entitlement to the $750,000, in writing, immediately before the loan transaction closed.

49. First American's representations, both oral and written, that it would be wiring $750,000 to Ares from the loan proceeds, improperly induced Ares and CMR to go forward with the closing of the transaction.

50. Northroup, McInerney, MA Maricopa, and, upon information and belief, First American, intentionally conspired to unlawfully and wrongfully deprive Ares of its $750,000 funding fee. MA Maricopa, Northroup, and McInerney did so with malicious and evil intent.

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in its favor and against defendants MA Maricopa, L.L.C., Steven and Jane Doe Northroup, Michael and Jane Doe McInerney, First American Title Insurance Company, and First American Title Insurance Agency, Inc., as follows:

    a.    Awarding Ares damages in an amount to be determined at trial,

7

including punitive damages against MA Maricopa, Northroup, and McInerney;

b. Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

c. Providing such further relief as it deems fair and proper.

## COUNT FIVE: FRAUD

### (MA Maricopa, Northroup, and McInerney)

51. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 50 above as though fully set forth herein.

52. Between March 1 and March 10, 2006, MA Maricopa, Northroup, and McInerney confirmed numerous times, orally and in writing, that Ares would receive $750,000 out of the proceeds of the loan.

53. Upon information and belief, their representations were false when made and known to be false by MA Maricopa, Northroup, and McInerney.

54. Upon information and belief, when they signed the Irrevocable Letter of Instruction, MA Maricopa, Northroup, and McInerney intended to withhold the $750,000 funding fee from Ares.

55. MA Maricopa, Northroup, and McInerney intended that Ares rely upon their false representations, which they made in an effort to ensure that the loan transaction would close and with knowledge that Ares or CMR could scuttle the funding of the loan if they knew that Ares would not receive the $750,000 payment.

56. Ares reasonably relied to its detriment upon the representations of MA Maricopa, Northroup, and McInerney.

57. Their false representations proximately and directly caused Ares damages.

58. Their fraudulent conduct was done with evil and malicious intent and warrants the imposition of punitive damages.

8

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in its favor and against defendant MA Maricopa, L.L.C., Northroup, and McInerney as follows:

    a.    Awarding Ares compensatory and punitive damages in an amount to be determined at trial;

    b.    Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

    c.    Providing such further relief as it deems fair and proper.

## COUNT SIX: TORTIOUS INTERFERENCE WITH CONTRACT
### (First American, Northroup, McInerney)

59. Ares incorporates by reference the allegations set forth in Paragraphs 1 through 58 above as though fully set forth herein.

60. First American, Northroup, and McInerney were fully informed and aware of the existence and the terms of the contractual relationship between MA Maricopa and Ares.

61. They knew and understood that Ares was entitled to receive a payment of $750,000 from the loan proceeds.

62. When First American received subsequent instructions from Northroup or McInerney to disburse only $53,000 to Ares -- only after the loan had been funded -- First American knew and understood that MA Maricopa's instruction constituted a breach of its contractual obligations to Ares.

63. First American, Northroup, and McInerney knowingly facilitated and assisted MA Maricopa's breach of its contract with Ares. Northroup and McInerney did so with evil and malicious intent.

64. First American's actions directly and proximately caused damages to Ares.

WHEREFORE, Plaintiff Ares Funding, LLC prays that the Court grant judgment in

9

its favor and against defendant First American Title Insurance Company, First American Title Insurance Agency, Inc., Steven and Jane Doe Northroup, and Michael and Jane Doe McInerney, as follows:

    a.    Awarding Ares actual and punitive damages in an amount to be determined at trial;

    b.    Awarding Ares its reasonable attorneys' fees and costs incurred in pursuing this matter; and

    c.    Providing such further relief as it deems fair and proper.

STEPTOE & JOHNSON LLP

By: /s/ Timothy M. Strong
Timothy M. Strong
Dennis K. Blackhurst
201 E. Washington St., Suite 1600
Phoenix, Arizona 85004-2382

Attorneys for Plaintiff Ares Funding, LLC